UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAVARES COTLAND SCOTT, | ) | NO. EDCV 12-486-SJO (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| A. HEDGPETH, | ) | ORDER TO SHOW CAUSE |
| Respondent. | ) | |

On April 3, 2012, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before **May 14, 2012**, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## PROCEDURAL BACKGROUND

On August 10, 2006, a Riverside County jury convicted Petitioner of various crimes including first degree murder and attempted murder. (Petition at 2.) On December 11, 2006, the court sentenced Petitioner to life without the possibility of parole plus 65 years to life. (*Id.*) On March 30, 2009, the California Court of Appeal affirmed the convictions. (Lodged Document ("LD") 8.)[1] On August 12, 2009, the California Supreme Court denied review with respect to co-defendants Gray and Young. (LD 10, 11.)

On April 12, 2010, Petitioner filed a habeas petition in the Superior Court, which was denied on April 19, 2010. (LD 12-13.) On May 5, 2010, Petitioner filed a habeas petition in the Court of Appeal, which was denied without prejudice on June 3, 2010. (LD 14-17.) On July 21, 2010, Petitioner constructively filed another habeas petition in the Superior Court. (LD 18.)[2] On September 3, 2010, Petitioner filed a second habeas petition in the Court of Appeal, which was denied on September 30, 2010. (LD 20-21.) On October 27, 2010, Petitioner filed a habeas petition in the California Supreme Court, which was denied on May 11, 2011, with citations. (LD 22); Appellate Courts Case Information online docket in Case No. S187651. While the first petition was still pending, on February 28, 2011, Petitioner filed another habeas petition in the California Supreme Court, which was denied on August 24, 2011, with citations. Appellate Courts Case Information online docket in Case No. S191087.

On August 16, 2010, Petitioner filed *Scott I*. On July 21, 2011, the case was dismissed without prejudice for failure to exhaust. *Scott I*, Dkt. Nos. 30-31.

---

[1] The lodged documents are from an earlier habeas case filed by Petitioner in this court, *Scott v. Hedgpeth*, Case No. EDCV 10-1222-SJO (AGR) ("*Scott I*").

[2] The Superior Court's ruling was not lodged.

On March 28, 2012, Petitioner constructively filed the instant petition (Petition, back of envelope), which was filed in this court on April 3, 2012.

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The California Court of Appeal affirmed Petitioner's convictions on March 30, 2009. (LD 8.) Because Petitioner did not file a petition for review with the California Supreme court, his conviction became final 40 days later on May 9, 2009. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired on May 10, 2010.[3]

### 1.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's first habeas petition was filed on April 12, 2010, in the Superior Court. (LD 12.) At that point, there were only 28 days remaining in the limitations

---

[3] May 9, 2010 is a Sunday.

period.[4] Petitioner's last petition was denied by the California Supreme Court on August 24, 2011. Assuming for the purpose of this order that Petitioner is entitled to statutory tolling for the entire period from April 1, 2010 to August 24, 2011, the limitations period expired on September 21, 2011, about six months before he constructively filed here.

With respect to *Scott I*, the limitations period is not statutorily tolled while a habeas petition is pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

Absent equitable tolling, the petition remains time-barred.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

---

[4] The date Petitioner sent the petition to the Superior Court is not discernible from the lodged petition. The date Petitioner signed the petition is cut off on this court's copy, and there is no proof of service. Assuming Petitioner constructively filed the petition a reasonable number of days earlier than the file date, the extra days do not eliminate the time bar of about six months.

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

In Ground Nine, Petitioner alleges his counsel was ineffective for the following reasons:

(1) Counsel failed to object to two jury instructions.

(2) Counsel failed to investigate "uncharged crimes which he knew Prosecution were wrongfully trying to link to Petitioner."

(3) Counsel failed to contact Petitioner's workplace.

(4) Counsel failed to interview witnesses named in the police report.

(5) Counsel was taking sex change drugs that impaired his mental abilities.

(Petition, Additional Page at 9-13.)

Based on the above allegations, Petitioner was aware of the factual predicate of his ineffective assistance claim prior to and during trial. Accordingly, the date of discovery of Ground Nine does not assist Petitioner as it is earlier than

5

the date the statute of limitations started to run based on the finality of his conviction.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **May 14, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: April 13, 2012

_Alicia G. Rosenberg_
ALICIA G. ROSENBERG
United States Magistrate Judge